UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY M. ARNTSEN,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>STATE OF WASHINGTON, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:24-CV-5511-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 6, 2024 |

Presently before the Court is Plaintiff Ricky M. Arntsen's Motion to Remand. Dkt. 14. The Court concludes this action was properly removed to this Court. Therefore, the Court recommends the Motion to Remand (Dkt. 14) be denied.

**I.     Background**

In the Complaint, Plaintiff alleges Defendants, multiple state agencies and state employees, are liable for conduct arising from the spread of infectious diseases inside Washington State correctional facilities. Dkt. 3-5.

Plaintiff filed this lawsuit in the Pierce County Superior Court – a Washington State court – on April 29, 2024. Dkts. 1, 1-1. On June 26, 2024, Defendants State of Washington, Clallam

REPORT AND RECOMMENDATION - 1

1  Bay Corrections Center, Stafford Creek Corrections Center, Department of Corrections - SCCC,
2  Steven Sinclair, Cheryl Strange, Jeri Boe, Danielle Armbruster, Paul Clark, J. Scott Edwards,
3  Linda M. Ineman, Rhonda Stump, Shane L. Evans, Jay Jackson, Ron Haynes, Jason Bennett,
4  Annikaa Mizin, Jeff Tatro and Patrick Collecchi ("the State Defendants") removed this action to
5  this Court under the theory of federal question. Dkt. 1.
6        Plaintiff filed the Motion to Remand on July 26, 2024, alleging the State Defendants
7  improperly removed this action because the removal was not unanimous and his federal claims
8  lack merit. Dkt. 14. Plaintiff seeks remand to the state court. *Id*. The State Defendants filed a
9  Response to the Motion to Remand with supporting evidence and, on August 14, 2024, Plaintiff
10 filed his Reply. Dkts. 19, 20, 22.

11     **II.**    **Discussion**

12       Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*,
13 437 U.S. 365, 374 (1978). Under the removal statute, a defendant may remove any civil action
14 over which the federal district court has original jurisdiction. 28 U.S.C. §1441(a). A plaintiff can
15 challenge removal with a motion to remand. 28 U.S.C. § 1447(c); *Moore-Tomas v. Alaska*
16 *Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). The defendant then bears the burden of
17 establishing that removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The court
18 will resolve all ambiguities in favor of remand. *Hunter v. Philip Morris USA*, 582 F.3d 1039,
19 1042 (9th Cir. 2009).
20       Although the federal removal statute carries with it a "strong presumption against
21 removal," *id.*, a plaintiff may not defeat removal by "artfully pleading" a federal cause of action
22 as a state claim. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). District courts
23
24

have federal question jurisdiction over all suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

First, Plaintiff asserts defendants did not unanimously remove this case. Dkt. 14. Specifically, Plaintiff argues "Correctional Industries" did not consent to the removal. *Id*. When there is more than one defendant in the action, all defendants must unanimously agree to join in the removal. *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir.1986). This is commonly referred to as the unanimity requirement. Failure to comply with the unanimity requirement renders the removal procedurally defective. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1192 n.1 (9th Cir.1988). However, only defendants who have been "properly ... served in the action" must join a petition for removal. *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (quoting *Emrich*, 846 F.2d at 1192 n.1).

Plaintiff argues that "Correctional Industries" is listed as a defendant on the cover of the civil complaint. Dkt. 14. The State Defendants assert "Correctional Industries" is a part of the Department of Corrections ("DOC"). Dkt. 19; *see also* Dkt. 20-2. The State Defendants contend that the Attorney General's Office did not accept service on behalf of Correctional Industries because it is not a legal entity and is not separate from the DOC. Dkt. 19; *see also* Dkt. 20-1 (noting no acknowledgment of service of Correctional Industries). It is the State Defendants' position that, because Correctional Industries is a division of the DOC and because the DOC joined the removal, the removal is proper. *Id*.

The Court finds Correctional Industries had not been properly served. *See* Dkt. 20-1. At the time of the removal, the properly served Defendants joined in the Notice of Removal.

REPORT AND RECOMMENDATION - 3

Therefore, Plaintiff's argument that the removal was not unanimous fails.[1] *See Pro-Com Prod., Inc. v. Kings Express LA, Inc.*, 2018 WL 5291928, at *4 (C.D. Cal. Oct. 22, 2018) (finding a named defendant who has not been properly served need not consent to removal and, therefore, removal was proper).

Second, Plaintiff provides several arguments to assert that this case should be remanded back to the state court because the Complaint fails to state a cognizable federal claim against the State Defendants. Dkt. 14.[2] At this time, the Court need not determine if Plaintiff has stated valid claims under 42 U.S.C. § 1983. "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed.*" *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002) (quoting *O'Halloran v. Univ. of Wash.*, 856 F.3d 1375, 1379 (9th Cir. 1988)) (emphasis in original). In his Complaint, Plaintiff alleges his U.S. Constitutional rights were violated. *See* Dkt. 1-1. As stated above, district courts have federal question jurisdiction over all suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, this Court has jurisdiction over Plaintiff's claims related to the violation of his federal Constitutional rights.

Further, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based. *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by*

---

[1] The record does not reflect that Defendants Byd Surgical Masks Manufacturer and Honeywell Surgical Masks Manufacturer have been properly served. Further, counsel has not entered an appearance on behalf of either defendant. Plaintiff does not assert removal lacks unanimity because of these two defendants. *See* Dkt. 14.

[2] Plaintiff makes several different arguments related to an underlying assertion that he has failed to state a federal claim. Dkt. 14. For example, Plaintiff argues Defendants cannot waive sovereign immunity, Plaintiff cannot assert § 1983 claims against the state employees in their official capacity, and the State and its officials cannot be sued under § 1983. *See id*. Plaintiff is essentially arguing this case should be remanded back to state court because he has failed to state a cognizable federal claim. As such, the Court addresses Plaintiff's remaining arguments under Plaintiff's overarching theory that remand is necessary because he has failed to state a federal claim.

REPORT AND RECOMMENDATION - 4

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S.Ct. 1562 (2016). Plaintiff's assertion that his federal claims are improper does not extinguish federal question jurisdiction, nor will it if he amends his Complaint. *See Stub v. Credit Control Servs. Inc.*, 2021 WL 141530, at *2 (W.D. Wash. Jan. 15, 2021) (finding any subsequent amendment after removal was insufficient to remove the Court's subject matter jurisdiction or compel immediate remand of the case, but declining supplemental jurisdiction after the federal claims were dismissed).

Plaintiff also argues that the State of Washington cannot remove a case because it is immune from suit under Eleventh Amendment immunity. *See* Dkt. 14. This Court has concluded that, where the State has consented to removal, the pleading of a potentially unsuccessful defense does not require remand. *Wickersham v. Washington*, No. C13-1778-JCC, 2013 WL 12320785, at *2 (W.D. Wash. Dec. 31, 2013) (finding Eleventh Amendment immunity defense did not make Washington State's consent to removal improper).

As the record reflects that the removal was consented to by all properly served defendants and that this case was properly removed to this Court based on federal question jurisdiction, the Court recommends the Motion to Remand (Dkt. 14) be denied.[3]

### III. Conclusion

For the above stated reasons, the Court recommends Plaintiff's Motion to Remand (Dkt. 14) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

---

[3] The Court notes the Complaint contains state law claims. Dkt. 1-2. The state law claims and the federal claim arise from the same set of events and are closely related. Therefore, at this time, the Court finds retaining supplemental jurisdiction over the state law claims is appropriate. *See* 28 U.S.C. § 1367.

REPORT AND RECOMMENDATION - 5

review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 6, 2024, as noted in the caption.

Dated this 22nd day of August, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6