UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY M. ARNSTEN,

        Plaintiff,

  v.

STATE OF WASHINGTON, et al.,

        Defendant.

CASE NO. C24-5511 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge David W. Christel's Report and Recommendation (R&R), Dkt. 25, recommending the Court deny pro se prisoner plaintiff Ricky Arnsten's motion to remand this case to Pierce County Superior Court, Dkt. 14.

In April 2024, Arnsten filed in Pierce County Superior Court a sixty-five-page complaint against two dozen defendants, asserting that they had violated state and federal law in connection with the handling and spread of infectious diseases in the state prison system, including tuberculosis and COVID-19. Dkt. 1-1. His complaint is difficult to follow, but in addition to numerous state statutes and administrative code provisions, Arnsten's complaint unambiguously asserts federal claims. He cites 42 U.S.C. §§ 1981

ORDER - 1

and 1983, Dkt. 1-1 at 51, the federal "Civil Rights Act," and "Americans with Disabilities Act," *id*. at 52, and broadly asserts the defendants violated his rights under the United States Constitution, including Article 4 § 2, and the Eighth, Ninth, Tenth, and Fourteenth Amendments, *id*. at 53.

Based on the presence of federal questions in the case Arnsten commenced against them, the state defendants timely removed the case here in June, under 28 U.S.C. §§ 1331 and 1441(a). Dkt. 1. It asserted, correctly, that the Court had supplemental jurisdiction over Arnsten's state law claims under 28 U.S.C. § 1367. *Id*.

Arnsten moved to remand. Dkt. 14. Among various other arguments, Arnsten contends that the removal was defective because not all defendants agreed to it, *id*. at 3–4, because claims against the state cannot be removed under the Eleventh Amendment, *id*. at 4–9, and because state officials cannot be sued under § 1983, id. at 10–11.

The R&R thoroughly rejects each of Arnsten's arguments and correctly explains that unanimity was not required among defendants who had not been served. Dkt. 25 at 4. It also points out that Arnsten's remand argument is essentially that his federal claims against the state are not cognizable and thus should not be a valid basis for removal. *Id*. It rejected Arnsten's claim that a state may not remove and then assert the Eleventh Amendment immunity as a defense. *Id*. at 5 (citing *Wickersham v. Washington*, No. C13-1778-JCC, 2013 WL 12320785, at *2 (W.D. Wash. Dec. 31, 2013) (Eleventh Amendment immunity defense did not make State's consent to removal improper)).

Arnsten objects to the R&R under Rule 72, largely repeating the arguments in his motion. He asserts that all the defendants were served at the same time, Dkt. 46 at 2, and

ORDER - 2

emphasizes that his U.S. constitutional claims are of "limited and secondary value," and that his state law claims "predominate." *Id*. at 3 and 10.

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, objections to an R&R are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendation when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum. . . or in his reply memorandum").

As courts in other districts have recognized and explained, such re-litigation is not an efficient use of judicial resources. There is no benefit to the judiciary "if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No.

CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate judge's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72.").

Furthermore, in providing for a de novo determination, Congress "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Thus, the district court is required only to indicate that it reviewed the record de novo and found no merit to the objections to summarily adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The district court is not obligated to "expressly address" every objection. *Id.* at 437.

Arnsten's insistence that all the defendants were served prior to removal, and thus that each had to consent to removal, is not consistent with the record. Arnsten filed on August 28 waivers of service on behalf of 19 defendants, all of which were signed in August. Dkts. 27–45. Service upon these defendants facially did not occur prior to the June removal.

1     Nor is it of any moment that Arnsten himself puts more subjective value on his state law claims; he asserted multiple federal law claims against the defendants, and they were entitled to remove the case on that basis. 28 U.S.C. § 1331. Whether the state law claims predominate is an issue the Court considers when deciding whether to exercise supplemental jurisdiction over state law claims, not whether to exercise original jurisdiction over federal claims. 28 U.S.C. § 1367(c)(2). Arnsten's repeated arguments about this Court's jurisdiction over § 1983 claims against the state, and the effect of Eleventh Amendment immunity, were addressed in the R&R. They are misguided and contrary to law. In short, the case was properly removed.

    The R&R, Dkt. 25, is **ADOPTED**. Arnsten's motion to Remand, Dkt. 14, is **DENIED**.

    **IT IS SO ORDERED**.

    Dated this 3rd day of October, 2024.

    BENJAMIN H. SETTLE
United States District Judge