UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY M. ARNTSEN,

          Plaintiff,

   v.

STATE OF WASHINGTON, et al.,

          Defendants.

CASE NO. 3:24-CV-5511-BHS-DWC

ORDER ON MISCELLANEOUS MOTIONS

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Ricky M. Arnsten to United States Magistrate Judge David W. Christel. Plaintiff is a state prisoner confined at Stafford Creek Corrections Center ("SCCC").

Currently pending before the Court are Plaintiff's requests for the Court to issue subpoenas (Dkts. 55, 56, 57) and two discovery motions (Dkts. 51, 53) filed by Defendants State of Washington Department of Corrections, Steven Sinclair, Cheryl Strange, Jeri Boe, Danielle Armbruster, Paul Clark, J. Scott Edwards, Linda Ineman, Rhonda Stump, Shane Evans, Jay Jackson, Ron Haynes, Jason Bennett, Annikaa Mizin, Jeff Tatro, and Patrick Collecchi ("the

1  State Defendants").[1] After considering the filings and the relevant record, the Court GRANTS

2  IN PART AND DENIES IN PART Plaintiff's requests for the Court to issue subpoenas (Dkts.

3  55, 56, 57), DENIES the State Defendants' motion to compel Plaintiff's answers to

4  interrogatories and requests for production (Dkt. 51), and GRANTS the State Defendants'

5  motion to require deposition of Plaintiff (Dkt. 53) for the reasons stated below.

6        **I.**      **Plaintiff's Requests for Subpoenas (Dkts. 55, 56, 57)**

7        On December 13, 2024, Plaintiff filed requests for the Court to issue subpoenas requiring

8  non-parties KOMO 4 News, KING 5 News, and KIRO 7 News to provide materials allegedly

9  related to his case. Dkts. 55, 56, 57. Plaintiff also requests the Court serve the subpoenas and

10 compel the above-named non-parties to answer the subpoenas. Dkts. 55, 56, 57.

11       Federal Rule of Civil Procedure 45(a)(3) provides that: "[t]he clerk must issue a

12 subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it

13 before service." Any person who is over the age of 18 and not a party to the case may serve a

14 subpoena, but the party responsible for serving the subpoena must take reasonable steps to avoid

15 imposing an undue burden or expense on a person subject to the subpoena. *See* Fed. R. Civ. P.

16 45(b), (d). In cases where a plaintiff is proceeding *in forma pauperis* ("IFP"), "[t]he officers of

17 the court shall issue and serve all process and perform all duties in such cases." 28 U.S.C. §

18 1915(d).

19       This case was removed to this Court on June 26, 2024. *See* Dkt. 1. Because the State

20 Defendants paid the filing fee when they removed the case from state court, Plaintiff's motion to

---

[1] Defendants Byd Surgical Masks Manufacturer and Honeywell Surgical Masks Manufacturer have not yet been served with process or appeared in the case. *See* Dkt. 58.

ORDER ON MISCELLANEOUS MOTIONS - 2

proceed IFP was denied as moot.[2] Dkt. 17. Nevertheless, the Court found Plaintiff lacked the resources to serve Defendants and agreed to exercise its discretion to undertake service of process on Plaintiff's behalf. *Id.* However, because Plaintiff is not proceeding IFP, he is not entitled to obtain service of process by officers of the Court under § 1915(d).

Accordingly, the Court grants in part and denies in part Plaintiff's requests for subpoenas (Dkts. 55, 56, 57) as follows: the Clerk's Office is directed to issue signed blank subpoenas and send them to Plaintiff. The Court, however, declines to direct the Clerk to serve the subpoenas or compel a non-party to respond to an unserved subpoena.

II.     **State Defendants' Motion to Compel (Dkt. 51)**

On December 16, 2024, the State Defendants filed a motion to compel Plaintiff's answers to interrogatories and requests for production, with an accompanying declaration of counsel. Dkts. 51, 52. Plaintiff did not file a response to the motion to compel. The State Defendants filed a reply in support of their motion on January 6, 2025, arguing that the motion should be granted because Plaintiff failed to oppose it. Dkt. 65.

The State Defendants' counsel states Plaintiff was sent a first set of interrogatories and requests for production by first class mail on October 15, 2024. Dkt. 52, Ex. 1. When counsel did not receive responses within thirty days, he arranged a telephonic discovery conference with Plaintiff, which took place on December 5, 2024. Dkt. 52 at 2. During the conference, Plaintiff stated he had mailed the answers on December 2, 2024. *Id.* Counsel received Plaintiff's answers by mail on December 9, 2024, but contends several answers were insufficient or incomplete. *Id.* Counsel filed the motion to compel on December 16, 2024. *Id.* The motion included a

---

[2] A grant of IFP status to a prisoner plaintiff allows the prisoner to commence an action "without prepayment of fees or security therefor"—that is, it relieves the prisoner from the obligation to pay the Court's filing fee up front. *See* 28 U.S.C. § 1915(a)(1).

certification that counsel attempted to confer in good faith with Plaintiff before filing the motion, citing the telephonic discovery conference that took place on December 5, 2024. Dkt. 51 at 4–5.

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. *See Beasley v. State Farm Mut. Auto. Ins. Co.*, No. C13–1106RSL, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014); *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, No. 2:12–cv–01737–GMN–NJK, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute"). However, if the parties are unable to resolve a discovery dispute, the requesting party may move for an order compelling disclosure. Fed. R. Civ. P. 37(a)(1). Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* This Court's local rules explain that the meet-and-confer requirement entails "a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement." Local Rules W.D. Wash. LCR 1(c)(6), *see also* LCR 37(a)(1). If the movant fails to include such a certification, the Court may deny the motion without addressing the merits of the dispute. LCR 37(a)(1).

Here, the State Defendants have provided no evidence of an attempt to meet and confer with Plaintiff after receiving the allegedly insufficient responses on December 9, 2024. The telephonic discovery conference that took place four days earlier could not have concerned the substance of Plaintiff's answers because counsel had not yet received them. Accordingly, the Court finds the telephonic discovery conference on December 5, 2024, was insufficient to satisfy the meet-and-confer requirement of Rule 37. Because the State Defendants' motion fails to

ORDER ON MISCELLANEOUS MOTIONS - 4

include a proper meet-and-confer certification, the motion to compel Plaintiff's answers to interrogatories and requests for production (Dkt. 51) is denied.

### III. State Defendants' Motion to Require Deposition (Dkt. 53)

On December 17, 2024, the State Defendants filed a motion to require deposition of Plaintiff, along with a declaration of counsel. Dkt. 53, 54. Plaintiff filed a response on January 3, 2025. Dkt. 64. The State Defendants filed a reply in support of their motion on January 6, 2025. Dkt. 66.

The State Defendants' counsel states his office mailed Plaintiff a deposition notice on November 26, 2024, scheduling a deposition to take place remotely via videoconference on December 17, 2024. Dkt. 54 at 2, Ex. 1. Before sending this notice, counsel avers his office had coordinated with SCCC staff regarding the time and place of the deposition, and they had agreed that the Court's requirements for deposing incarcerated persons under LCR 30(a)(2) were satisfied. *Id.* at 2.

Counsel states he discussed depositions with Plaintiff during the telephone conversation that took place on December 5, 2024. *Id.* He states Plaintiff had received the deposition notice before the call and did not express any objection to the deposition or state that he believed a court order was necessary to allow it to proceed. *Id.* Counsel reports Plaintiff expressed a desire to take depositions of his own, and counsel informed Plaintiff that he was permitted to do so but would be required to bear any expenses, including those for a court reporter. *Id.* at 2–3. Plaintiff asked if counsel would stipulate to recording all depositions, and counsel replied he would not. *Id.* at 3.

On December 17, 2024, Plaintiff appeared for the deposition via videoconference. *Id.* at 3, Ex. 2 (deposition transcript). The State Defendants' counsel appeared remotely with a court

ORDER ON MISCELLANEOUS MOTIONS - 5

reporter and videographer retained by his office. *Id.* Plaintiff brought up the issue of deposing witnesses, and counsel again informed him that he would be required to hire a court reporter at his own expense. *Id.* Plaintiff asked again whether counsel was willing to have the depositions audio and video recorded, and counsel stated that he would not. *Id.* Plaintiff then stated his belief that, under the Federal Rules of Civil Procedure, counsel was required to obtain leave of the Court before deposing him. *Id.* After some discussion, Plaintiff left the deposition. *Id.*

The State Defendants' counsel states his office mailed Plaintiff an amended deposition notice on December 17, 2024, rescheduling the deposition for January 10, 2025. *Id.* at 3, Ex. 3. He avers his office has again consulted with SCCC staff, who have agreed to the new time and date, and that all requirements of LCR 30(a)(2) are satisfied. *Id.* at 3.

Depositions are governed by Rule 30 of the Federal Rules of Civil Procedure, which states that "[a] party may, by oral questions, depose any person, including a party, without leave of court" except in certain instances. Fed. R. Civ. P. 30(a)(1). Although Rule 30(a)(2)(B) requires leave of the Court to depose an individual confined in prison, this Court's local rules permit the deposition of a person in custody without the Court's leave so long as an agreement is met with the deponent's correctional institution and appropriate notice is given to the deponent, all other parties, and the superintendent and attorney for the correctional institution. Local Rules W.D. Wash. LCR 30(a)(2).

Under this Court's local rules, the State Defendants are not required to seek leave of the Court before deposing Plaintiff, so long as the additional requirements of LCR 30(a)(2) are satisfied. The State Defendants have presented evidence to show compliance with these requirements. Accordingly, the State Defendants' motion to require deposition of Plaintiff (Dkt.

ORDER ON MISCELLANEOUS MOTIONS - 6

53) is granted, and Plaintiff is directed to appear for the deposition via videoconference as scheduled on January 10, 2025.

### IV. Conclusion

For the above stated reasons, the Court ORDERS as follows:

1. Plaintiff's requests for subpoenas (Dkts. 55, 56, 57) are GRANTED IN PART AND DENIED IN PART. The Clerk of Court is directed to issue signed blank subpoenas and send them to Plaintiff so that he may complete the subpoenas and arrange for service in accordance with Fed. R. Civ. P. 45.
2. The State Defendants' motion to compel Plaintiff's answers to interrogatories and requests for production (Dkt. 51) is DENIED.
3. The State Defendants' motion to require deposition of Plaintiff (Dkt. 53) is GRANTED. Plaintiff shall sit for the deposition as scheduled on January 10, 2025.

Dated this 8th day of January, 2025.

David W. Christel
United States Magistrate Judge