UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY M. ARNTSEN,

                Plaintiff,

    v.

STATE OF WASHINGTON, et al.,

                Defendants.

CASE NO. 3:24-CV-5511-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: January 31, 2025

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently before the Court is *pro se* Plaintiff Ricky M. Arnsten's motion for default judgment against Defendants Steven Sinclair, Jeri Boe, Ron Haynes, Danielle Armbruster, Paul Clark, J. Scott Edwards, Linda Ineman, Rhonda Stump, Shane Evans, Jay Jackson, Annikaa Mizin, Jeff Tatro, and Patrick Collecchi ("the Individual State Defendants") in their personal capacities (Dkt. 59). After considering the filings and the relevant record, the Court concludes Plaintiff has not complied with the procedural requirements for entry of default or default judgment. Accordingly, the undersigned recommends Plaintiff's motion for default judgment (Dkt. 59) be denied.

## I. Background

On April 29, 2024, Plaintiff filed this action in Pierce County Superior Court asserting causes of action against multiple defendants arising out of his alleged contraction of tuberculosis and COVID-19 while incarcerated. *See* Dkt. 1-1. The named defendants include the Washington State Department of Corrections ("DOC") and numerous current and former DOC employees. *Id.* The Attorney General's Office received Plaintiff's summons and complaint by email and replied with the following "Acknowledgement of Service:"

> Receipt on 05/27/2024 of the Summons, Complaint with Exhibits 1-5, and Case Scheduling Order in *Ricky Arntsen v. Department of Corrections, et. al., Pierce County Superior Court No. 24-2-07594-7*, has been acknowledged on behalf of the State of Washington, Department of Corrections (DOC), and the following individual defendant's [sic] <u>in their official capacities only</u> as employees of DOC: Steven Sinclair, Cheryl Strange, Jeri Boe, Danielle Armbruster, Paul Clark, J. Scott Edwards, Linda M. Ineman, Rhonda Stump, Shane L. Evans, Jay Jackson, Ron Haynes, Jason Bennett, Annikaa Mizin, Jeff Tatro, and Patrick Collecchi, by: <u>s/ Janet Cavallo, WSBA No. 38710</u> on 06/03/2024.

Dkt. 61, Ex. 1 (emphasis in original).

On June 12, 2024, a Special Assistant Attorney General filed and served a notice of appearance in the superior court on behalf of Defendants DOC, Steven Sinclair, Cheryl Strange, Jeri Boe, Danielle Armbruster, Paul Clark, J. Scott Edwards, Linda Ineman, Rhonda Stump, Shane Evans, Jay Jackson, Ron Haynes, Jason Bennett, Annikaa Mizin, Jeff Tatro, and Patrick Collecchi ("the State Defendants"). Dkt. 3-8. The notice of appearance stated the State Defendants "enter their appearance in the above-entitled action and request[] that all further papers, except original process, be served upon" the Special Assistant Attorney General. *Id.* On June 24, 2024, the State Defendants filed an answer to the complaint in which they denied liability and disputed Plaintiff's claims. Dkt. 3-9. They also argued the summons and complaint were never properly served on the Individual State Defendants in their individual capacities and

REPORT AND RECOMMENDATION - 2

1  the court lacked jurisdiction over these Defendants. *Id.* The State Defendants then filed a notice
2  of removal to this Court on June 26, 2024. Dkt. 1.
3       On August 1, 2024, this Court issued an order directing service of Plaintiff's complaint
4  on the State Defendants by email. Dkt. 18. The State Defendants each filed waivers of service on
5  August 28, 2024. Dkts. 27–45. The waivers did not make any distinction between claims against
6  the Individual State Defendants in their official capacities and those against them in their
7  individual or personal capacities. *See id.*
8       On December 27, 2024, Plaintiff filed a motion for default judgment against the
9  Individual State Defendants, arguing that they had failed to appear in their personal capacities.
10 Dkt. 59. The Individual State Defendants filed a response opposing this motion on December 30,
11 2024, with accompanying declaration of counsel. Dkts. 60, 61. They argue that Plaintiff's motion
12 is procedurally defective and that they were not in default at the time the motion was filed
13 because "the State Defendants' Answer denies liability and disputes Plaintiff's claims with
14 respect to both claims brought against them in their official capacities and individual or personal
15 capacities." Dkt. 60 at 4.

16 **II.    Discussion**

17      As a general rule, "default judgments are ordinarily disfavored" and "[c]ases should be
18 decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472
19 (9th Cir. 1986). But "[w]hen a party against whom a judgment for affirmative relief is sought has
20 failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk
21 must enter the party's default." Fed. R. Civ. P. 55(a).
22      Under this Court's local rules, upon motion by a party supported by an affidavit, "the
23 clerk shall enter the default of any party against whom a judgment for affirmative relief is sought
24

but who has failed to plead or otherwise defend." Local Rules W.D. Wash. LCR 55(a). "No motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered." LCR 55(b)(1). "Put another way, 'an entry of default is a prerequisite to a default judgment under Rule 55(b).'" *Hausken v. Lewis*, No. C12–5882 BHS–JRC, 2014 WL 2440360, at *2 (W.D. Wash. May 30, 2014) (*quoting Lee v. Bhd. of Maint. of Way Emps.*, 139 F.R.D. 376, 380 (D. Minn. 1991)).

Here, Plaintiff's motion requests a default judgment against the Individual State Defendants in their personal capacities and entry of an award in Plaintiff's favor for the sums requested against each of these Defendants in the complaint. Dkt. 59 at 1. Under the federal and local rules, this motion is premature because Plaintiff has not moved for an entry of default under Rule 55(a).

Even if the Court were to interpret Plaintiff's motion as a request for an entry of default, the motion would be procedurally defective. The local rules state:

> [I]n the case of a defaulting party who has entered an appearance, the moving party must give the defaulting party written notice of the requesting party's intention to move for the entry of default at least fourteen days prior to filing its motion and must provide evidence that such notice has been given in the motion for entry of default.

LCR 55(a). The State Defendants' notice of appearance did not limit the appearance to their official capacities. *See* Dkt. 3-8. Accordingly, Plaintiff was required to give the Individual State Defendants written notice of his intention to move for entry of default at least fourteen days before filing his motion. The motion did not provide evidence that such notice was given and therefore has not satisfied the requirements of LCR 55(a). Accordingly, the Court recommends Plaintiff's motion (Dkt. 59) be denied.

REPORT AND RECOMMENDATION - 4

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Federal Rule of Civil Procedure 72(b), the Clerk is directed to set the matter for consideration on **January 31, 2025**, as noted in the caption.

Dated this 10th day of January, 2025.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5