UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY M. ARNTSEN,

        Plaintiff,

v.

STATE OF WASHINGTON, et al.,

        Defendants.

CASE NO. 3:24-CV-5511-BHS-DWC

ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COLLECT DISCOVERY

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Ricky M. Arnsten to United States Magistrate Judge David W. Christel. Plaintiff is a state prisoner confined at Stafford Creek Corrections Center and is proceeding *pro se* in this matter. Currently pending before the Court is Plaintiff's motion for "extension of time to collect and perfect discovery and to address discovery issues with Defendants" (Dkt. 76). Defendants State of Washington Department of Corrections, Steven Sinclair, Cheryl Strange, Jeri Boe, Danielle Armbruster, Paul Clark, J. Scott Edwards, Linda Ineman, Rhonda Stump, Shane Evans, Jay Jackson, Ron Haynes, Jason Bennett, Annikaa Mizin, Jeff Tatro, and Patrick Collecchi ("the

ORDER DENYING PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO COLLECT
DISCOVERY - 1

State Defendants") oppose this motion.[1] For the reasons below, Plaintiff's motion for extension of time to collect discovery (Dkt. 76) is DENIED.[2]

## I. Background

After Plaintiff initially filed his suit in Pierce County Superior Court, the State Defendants removed the case to this Court on June 26, 2024. Dkt. 1. On July 12, 2024, the Court entered a pretrial scheduling order, which stated any motions to compel must be filed by December 16, 2024; discovery must be completed by January 13, 2025; and any dispositive motions must be filed by February 14, 2025. Dkt. 9.

On December 13, 2024, Plaintiff filed requests for the Court to issue subpoenas requiring non-parties KOMO 4 News, KING 5 News, and KIRO 7 News to provide materials allegedly related to his case and requested the Court serve the subpoenas and compel the above-named non-parties to answer the subpoenas. Dkts. 55, 56, 57. The Court granted in part and denied in part Plaintiff's requests, directing the Clerk's Office to issue signed blank subpoenas and send them to Plaintiff but declining to direct the Clerk to serve the subpoenas or compel a non-party to respond to an unserved subpoena. Dkt. 67.

On January 15, 2025, Plaintiff filed the instant motion, requesting an eight-month extension of time for discovery until September 15, 2025. Dkt. 76.[3] The State Defendants filed a response opposing the motion with accompanying declaration of defense counsel. Dkts. 84, 85. Plaintiff filed a reply and exhibits. Dkts. 87, 88.

---

[1] Defendants Byd Surgical Masks Manufacturer and Honeywell Surgical Masks Manufacturer have not yet appeared in the case. *See* Dkts. 58, 82.

[2] Also pending in this action is the State Defendants' motion for summary judgment (Dkt. 90), which is noted for consideration on March 14, 2025, and will not be addressed in this order.

[3] The motion is dated January 12, 2025, and Plaintiff avers he was prevented from e-filing the motion before January 15, 2025. Dkt. 76.

**II.     Discussion**

Plaintiff contends he should be granted more time to conduct discovery for multiple reasons: (1) he has not received Rule 26(a) disclosures from Defendants, (2) the parties have not completed a Rule 26(f) conference, (3) his mental health issues have impaired his ability to function, (4) certain discovery is still outstanding, and (5) his *pro se* status and incarceration pose significant challenges in obtaining discovery. Dkt. 76 at 2–5. The State Defendants respond that Plaintiff has not shown good cause for an extension and that they would be prejudiced by the proposed extension of time. Dkt. 84 at 5–7.

A.  Rule 26

As a threshold matter, Plaintiff contends he should be granted more time for discovery because the State Defendants have not complied with certain procedural requirements set out in Federal Rule of Civil Procedure 26. Dkt. 76 at 3–4. Under Rule 26(a), initial disclosures must be made by the parties "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court[.]" Fed. R. Civ. P. 26(a)(1)(A). Among the proceedings exempt from the initial disclosure requirement is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision[.]" Fed. R. Civ. P. 26(a)(1)(B)(iv). Because Plaintiff is a state prisoner proceeding *pro se*, Defendants were not required to make initial disclosures under Rule 26.

Similarly, a conference between the parties must occur at the outset of a civil case in federal court "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise[.]" Fed. R. Civ. P. 26(f). As noted above, this case is exempted from the initial disclosure requirement, and therefore, a Rule 26(f) conference was not

ORDER DENYING PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO COLLECT
DISCOVERY - 3

1  required. Accordingly, Plaintiff's arguments that the requirements of Rule 26 have not been met

2  are without merit and do not establish good cause for an extension of time.

3  In his reply, Plaintiff argues that he is not bound by the Court's discovery deadline and

4  does not need to demonstrate good cause for an extension of time because Rule 16 also does not

5  apply to this case. Dkt. 87 at 2–3. This argument is not well taken. Plaintiff is correct that, under

6  this Court's local rules, "any case exempt from the initial disclosure requirements" under Rule

7  26 is also exempt from the requirements of Rule 16(b) and the corresponding local rule. Local

8  Rules W.D. Wash. LCR 16(b)(7); *see also Preston v. Boyer*, No. C16-1106-JCC-MAT, 2019

9  WL 5892245, at *1 n.2 (W.D. Wash. Nov. 12, 2019) ("LCR 16 does not apply to cases that are

10 exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26.").

11 However, the fact that the case is exempt from the requirements of Rule 16 does not entitle the

12 parties to disregard the Court's orders entered in the case. The Court's pretrial scheduling order

13 established the deadline for completing discovery and informed the parties: "[t]he deadlines

14 contained in this Order are firm and will not be extended by the Court except upon application to

15 the Court with a showing of good cause." Dkt. 9 at 4. Further, the good cause requirement for an

16 extension of time also appears in Rule 6, from which this case is not exempt. Fed. R. Civ. P.

17 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good

18 cause, extend the time . . . ."). Accordingly, Plaintiff is bound by the Court's discovery deadline

19 and must demonstrate good cause for an extension.

20        B.  Good Cause

21 Turning to Plaintiff's substantive arguments, he contends there is good cause for an

22 extension of time because of his mental health struggles, outstanding discovery, and his *pro se*

23 incarcerated status. Dkt. 76 at 2–5.

24

1    The Court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d
2  681, 685 (9th Cir. 1988). Generally, the Court may extend a specified deadline for good cause
3  when the extension is sought before the deadline. Fed. R. Civ. P. 6(b)(1). When a motion for an
4  extension of time is made after a deadline, the Court may not extend time absent a showing of
5  excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "Good cause" is a "non-rigorous standard that has
6  been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures,*
7  *Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). "[R]equests for extensions of time made before the
8  applicable deadline has passed should normally be granted in the absence of bad faith on the part
9  of the party seeking relief or prejudice to the adverse party." *Id.* (cleaned up).

10   Plaintiff first argues his mental health issues and medication side effects have
11  significantly impaired his ability to litigate his case. Dkt. 76 at 2–3. Despite these challenges, the
12  record shows Plaintiff has actively participated in the litigation of this case by filing motions,
13  objections, and discovery requests. *See, e.g.*, Dkts. 10 (motion to proceed *in forma pauperis*), 14
14  (motion to remand), 21 (certificate of service of interrogatories), 46 (objections to report and
15  recommendation), 55–57 (motions for subpoenas), 85 at 2–3 (declaration of defense counsel
16  listing Plaintiff's eleven sets of interrogatories and requests for production to the State
17  Defendants). Plaintiff had ample notice of the discovery deadline but chose not to file a motion
18  for extension until the deadline was imminent.[4] On the whole, Plaintiff has not shown that his
19  health struggles constitute good cause for an extension of time for discovery.

20   Plaintiff also states he is "still awaiting answers to interrogatories he sent to multiple
21  Defendants[, t]here are other Defendants who Mr. Arntsen must still send interrogatories to[,

---

[4] The parties dispute the timeliness of this motion, but because the Court finds no good cause for an extension, it need not address this issue.

ORDER DENYING PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO COLLECT
DISCOVERY - 5

a]nd there are discovery disputes that Mr. Arntsen must attempt to resolve with Defendants before asking the Court to intervene." Dkt. 76 at 4. Plaintiff also states he needs more time to serve subpoenas on non-parties. *Id.* at 4–5. But, as the State Defendants note, Plaintiff did not bring any motion to compel discovery before the December 16, 2024, deadline for bringing such motions passed. Dkt. 84 at 3. And the fact that Plaintiff would like to conduct further discovery does not show good cause for an extension. *See* Local Rules W.D. Wash. LCR 16(b)(6) ("Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance.").

Finally, Plaintiff contends his status as an incarcerated *pro se* Plaintiff poses significant challenges in obtaining discovery. Dkt. 76 at 5. Though this is undoubtedly true, this fact alone is not sufficient to establish good cause for an extension of a discovery deadline. *See Mills v. Zeichner*, No. C23-1130JLR, 2023 WL 8019972, at *1 (W.D. Wash. Nov. 20, 2023) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants."). Plaintiff has not demonstrated good cause for an extension of time to collect discovery.

     C. <u>Prejudice</u>

The State Defendants argue they would be prejudiced by the proposed extension. Dkt. 84 at 7. They assert that the majority of Plaintiff's discovery requests have sought irrelevant information, been objectionable, and imposed a significant burden on the State Defendants. *Id.* They also state they would be prejudiced by the delay in adjudication of their motion for summary judgment. *Id.*; *see also* Dkt. 90.

The State Defendants filed their motion for summary judgment on February 14, 2025. Dkt. 90. Reopening discovery at this point would impose a significant delay in resolving this matter. And allowing further discovery "after Plaintiff has had the opportunity to view

ORDER DENYING PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO COLLECT
DISCOVERY - 6

1  Defendants' Motion for Summary Judgment would also prove prejudicial, as Defendants would
2  not receive the same opportunity." *Hill v. Cnty. of Maricopa*, No. CV1802613PHXGMSMTM,
3  2020 WL 1275749, at *4 (D. Ariz. Mar. 17, 2020). Because the State Defendants would be
4  prejudiced by the extension, this factor weighs against additional time to collect discovery.

### III.   Conclusion

Plaintiff has not shown good cause for an extension of the discovery period, and such an extension would prejudice the State Defendants. Accordingly, Plaintiff's motion for extension of time to collect discovery (Dkt. 76) is DENIED.

Dated this 21st day of February, 2025.

_____
David W. Christel
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO COLLECT
DISCOVERY - 7