UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY M. ARNTSEN,

                Plaintiff,

    v.

STATE OF WASHINGTON, et al.,

                Defendants.

CASE NO. 3:24-CV-5511-BHS-DWC

ORDER GRANTING EXTENSION OF TIME

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Ricky M. Arnsten is a state prisoner proceeding *pro se* in this matter. Currently pending before the Court is Plaintiff's "motion for stay of proceedings with permission for leave to comply with pre-existing state court ordered deadline and request for extension of time" (Dkt. 101).[1]

On February 14, 2025, Defendants State of Washington Department of Corrections, Steven Sinclair, Cheryl Strange, Jeri Boe, Danielle Armbruster, Paul Clark, J. Scott Edwards,

---

[1] Because this motion concerns a quickly approaching deadline, the Court finds it appropriate to consider the matter before the noting date of March 19, 2025.

ORDER GRANTING EXTENSION OF TIME - 1

Linda Ineman, Rhonda Stump, Shane Evans, Jay Jackson, Ron Haynes, Jason Bennett, Annikaa Mizin, Jeff Tatro, and Patrick Collecchi ("the State Defendants")[2] moved for summary judgment and noted the motion for consideration on March 14, 2025. Dkt. 90. Under this Court's local rules, Plaintiff's response to the motion for summary judgment is due on March 7, 2025. *See* Local Rules W.D. Wash. LCR 7(d)(4).

On February 26, 2025, Plaintiff filed the instant motion. Dkt. 101. Plaintiff requests the Court "temporarily stay these proceedings until March 20, 2025, and then allow him 35 days from that date, until April 25, 2025[,] to file his opposition to Defendants' summary judgment motion." *Id.* at 7. He asserts this delay is warranted because he has a filing due on March 20, 2025, to the Washington Supreme Court regarding his pending personal restraint petition. *Id.* at 2–3; Dkt. 101-1. The State Defendants oppose Plaintiff's request for additional time and request that any extension be no longer than 10 days. Dkt. 104.

When a request for an extension of time is made before a deadline, the Court may grant the extension for good cause. Fed. R. Civ. P. 6(b)(1)(A). As with all civil procedural rules, the Court must liberally construe Rule 6(b)(1) "to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id.* at 1259. Accordingly, "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (cleaned up).

---

[2] Defendants Byd Surgical Masks Manufacturer and Honeywell Surgical Masks Manufacturer have not yet appeared in the case. *See* Dkts. 58, 82.

ORDER GRANTING EXTENSION OF TIME - 2

Although the State Defendants object to additional delay in the resolution of this case, they have not identified any other prejudice that would result from an extension, nor have they alleged that Plaintiff is acting in bad faith. In the interests of justice and in light of Plaintiff's *pro se* prisoner status and multiple pending cases, the Court finds Plaintiff has shown good cause for an extension of time but declines to issue a stay. The Court will provide Plaintiff additional time to prepare and file his response to the State Defendants' motion for summary judgment as detailed below.

Accordingly, the Court ORDERS as follows:

(1) Plaintiff's motion for extension of time (Dkt. 101) is GRANTED as specified in this order.

(2) The new deadline for Plaintiff to file a response the State Defendants' motion for summary judgment is **April 4, 2025**. The State Defendants may file a reply in support of their motion not later than **April 11, 2025**.

(3) The Clerk of Court is directed to re-note the State Defendants' motion for summary judgment (Dkt. 90) for consideration on **April 11, 2025**.

Dated this 5th day of March, 2025.

David W. Christel
United States Magistrate Judge