UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY M. ARNTSEN,

          Plaintiff,

  v.

STATE OF WASHINGTON, et al.,

          Defendants.

CASE NO. 3:24-CV-5511-BHS-DWC

ORDER ON MISCELLANEOUS MOTIONS

      The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Ricky M. Arnsten is a state prisoner proceeding *pro se* in this matter. Currently pending before the Court are Plaintiff's motion to voluntarily withdraw filings (Dkt. 122) and Plaintiff's motion for return of documents (Dkt. 123).

      In his motion to withdraw filings (Dkt. 122), Plaintiff moves to withdraw his motion to file overlength response to summary judgment (Dkt. 119), response opposing summary judgment (Dkt. 120), and exhibits accompanying his response (Dkt. 116). Because the Court has already addressed these filings in its April 23, 2025, order (*see* Dkt. 121), Plaintiff's motion to withdraw filings (Dkt. 122) is DENIED as moot.

ORDER ON MISCELLANEOUS MOTIONS - 1

1       Plaintiff also requests the Clerk of the Court return originals or copies of the 430 pages of

2 exhibits (*see* Dkt. 110) he submitted in opposition to summary judgment. Dkt. 123. Plaintiff

3 explains he submitted his original documents in an effort to meet the Court's filing deadlines. *Id.*

4 However, he requires access to the documents to submit a renewed response in opposition to

5 summary judgment, as directed in the Court's order dated April 10, 2025 (Dkt. 113). *Id.* He

6 states he "can pay for the postage and costs if the Clerk so requires." *Id.*

7       The Court's standard prisoner civil rights complaint form warns litigants that any

8 documents submitted to the Clerk of the Court "will become part of the court record and *will not*

9 *be returned to you*." *See* Instructions for Prisoners Seeking to File a Civil Rights Complaint

10 Pursuant to 42 U.S.C. § 1983, https://www.wawd.uscourts.gov/sites/wawd/files/1983CivilRights

11 ComplaintRev11-30-2020.pdf (emphasis in original). However, because Defendants removed

12 this case from Pierce County Superior Court after Plaintiff had filed a typewritten complaint,

13 Plaintiff may not have received this warning. *See* Dkt. 1.

14       The Court recognizes that Plaintiff, as an incarcerated litigant, lacks the same level of

15 access to e-filed documents as that of a non-incarcerated party. To receive copies from the Court,

16 the standard rate the requesting party must pay is $0.50 per page, plus any applicable postage

17 costs. In extremely rare situations, the Court may waive copying fees or print documents double-

18 sided and/or with two pages per sheet to reduce costs. While Plaintiff states he is willing to pay

19 for postage and costs, his current financial situation may preclude his payment of the total

20 estimated amount for the 433 pages ($216.50) and postage. Therefore, to receive printed copies

21 of the documents, Plaintiff must provide the necessary payment or provide the Court with a

22 prison trust account statement so that the Court can determine whether a waiver or partial waiver

23 of the costs is appropriate. Plaintiff should also specify whether he would like one copy per page,

24

ORDER ON MISCELLANEOUS MOTIONS - 2

1   doubled-sided copies, two pages per sheet, or two pages per sheet double-sided. The filing of a
2   prison trust account statement should be made under seal.
3       Accordingly, the Court ORDERS as follows:
4       (1) Plaintiff's motion to withdraw filings (Dkt. 122) is DENIED as moot.
5       (2) To receive printed copies of the requested documents, Plaintiff must provide the
6           necessary payment or provide the Court with a prison trust account statement under
7           seal so that the Court can determine whether a waiver is appropriate.
8       (3) The Clerk is directed to re-note Plaintiff's motion (Dkt. 123) for consideration on
9           **May 23, 2025**.
10      Dated this 1st day of May, 2025.

*[signature]*

David W. Christel
United States Magistrate Judge

ORDER ON MISCELLANEOUS MOTIONS - 3