UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY M. ARNTSEN,<br><br>      Plaintiff,<br><br> v.<br><br>STATE OF WASHINGTON, et al.,<br><br>      Defendants. | CASE NO. 3:24-CV-5511-BHS-DWC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RETURN OF DOCUMENTS |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Ricky M. Arnsten is a state prisoner proceeding *pro se*. Currently pending before the Court is Plaintiff's motion for return of documents (Dkt. 123).

Defendants moved for summary judgment on February 14, 2025. Dkt. 90. Plaintiff was granted an extension of time to respond until April 4, 2025. Dkts. 101, 105. On March 28, 2025, Plaintiff filed a second motion for extension. Dkt. 107. Before the Court ruled on the motion, the Clerk of the Court received a 430-page exhibit of public records from Plaintiff through the U.S. Postal Service. *See* Dkt. 110; Notice to Filer re: 110 Exhibit. Plaintiff then filed a response and declaration opposing summary judgment, along with nearly 500 additional pages of exhibits. *See*

1  Dkt. 111 (stricken). The Court deemed Plaintiff's response timely filed but struck the response

2  for non-compliance with the Local Civil Rules ("LCRs"). Dkt. 113. The Court granted Plaintiff

3  additional time to file a renewed response that complied with the LCRs, advised Plaintiff that the

4  Court was only required to consider materials cited to in the response, and directed Plaintiff to

5  file only those documents necessary to support his response. *Id.*

6       On April 25, 2025, Plaintiff filed the instant motion requesting return of the originals or

7  copies of the 430 pages of exhibits (*see* Dkt. 110) he submitted in opposition to Defendants'

8  motion for summary judgment. Dkt. 123. Plaintiff stated he had mailed the original documents to

9  the Court in an effort to meet the response deadline. *Id.* In light of the Court's order directing a

10  renewed response with appropriate citations to the record, he requested the Clerk send back the

11  documents by mail or electronically. *Id.*

12       On May 1, 2025, the Court informed Plaintiff that documents submitted to the Clerk of

13  the Court generally become part of the Court record and are not returned to litigants. Dkt. 124.

14  The Court also noted that Plaintiff may not have previously received this warning because

15  Plaintiff originally filed his complaint in Pierce County Superior Court before the case was

16  removed, and therefore he did not use this Court's standard prisoner civil rights complaint form,

17  where this warning appears. *Id.*

18       The Clerk of the Court has electronically filed the documents into the Court record. *See*

19  Dkt. 110. However, the Court recognizes that Plaintiff, as an incarcerated litigant, lacks the same

20  level of access to e-filed documents as that of a non-incarcerated party, and Plaintiff has

21  specifically alleged difficulties accessing electronic resources. *See* Dkt. 107. In these particular

22  circumstances, the Court concludes the return of the original documents is necessary to allow

23

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
RETURN OF DOCUMENTS - 2

Plaintiff to comply with the Court's April 10, 2025, order (Dkt. 113) and in the interest of justice.[1]

Accordingly, the Court ORDERS as follows:

(1) Plaintiff's motion for return of documents (Dkt. 123) is GRANTED. The Clerk of the Court is directed to send the original documents filed at Dkt. 110 to Plaintiff by first-class mail.

(2) To allow time for mailing and review of the documents, Plaintiff shall file his renewed response to summary judgment on or before **July 3, 2025**.

(3) The Clerk is directed to re-note Defendants' motion for summary judgment for **July 10, 2025**.

Dated this 29th day of May, 2025.

David W. Christel
United States Magistrate Judge

---

[1] The Court recognizes that Court policies and procedures do not allow for the Court to return documents or provide copies of documents without the requesting party remitting payment. The unique circumstances of this case warrant an exception; however, the Court has no intention of providing additional copies, free of charge, in this case or other cases in the future.

ORDER GRANTING PLAINTIFF'S MOTION FOR
RETURN OF DOCUMENTS - 3