UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY M. ARNSTEN, | CASE NO. C24-5511 BHS |
| Plaintiff, | **AMENDED** ORDER |
| v. | |
| STATE OF WASHINGTON, et al., | |
| Defendant. | |

THIS MATTER is before the Court on Magistrate Judge David W. Christel's Report and Recommendation (R&R), Dkt. 147, recommending the Court grant defendants' motion for summary judgment, Dkt. 90, dismiss pro se prisoner plaintiff Ricky Arnsten's federal claims with prejudice, and decline to exercise supplemental jurisdiction over Arnsten's remaining state law claims under 28 U.S.C. § 1367(c).

Arnsten asserts § 1983 and Americans with Disabilities Act (ADA) claims against various "state defendants" related to his contraction of Tuberculosis (TB) and COVID-19 while incarcerated. The R&R details the 31 motions, responses, declarations, notices, requests, praecipe, sur-replies and letters Arnsten filed in response to the motion. It thoroughly addresses Arnsten's allegations and his evidence, and concludes that Arnsten

ORDER - 1

has failed to provide evidence that the individual defendants personally participated in any constitutional deprivation. It concludes that Arnsten has failed to meet his summary judgment burden on any of his federal claims against any of the state defendants.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

Arnsten has objected to the R&R and its recommended disposition of his claims. Dkt. 148. Indeed, he has filed 15 additional responses, motions, supplements, and

requests for judicial notice since the R&R was filed. Dkts. 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162 and 165.

The Court has reviewed these filings, and particularly Dkt. 150, Arnsten's supplement to his objections. None of them addresses the R&R's core conclusions: that DOC and the state defendants in their official capacities are not persons amenable to suit under § 1983, and that Arnsten has failed to demonstrate that any state defendant personally participated in any claimed constitutional violation. Dkt. 147 at 13–15. Arnsten's filings do not articulate what any individual defendant did to violate his constitutional or other rights. In fact, Dkt. 150 mentions only one individual, Officer Collecchi, in its very last paragraph, and his allegations about that defendant are conclusory and insufficient as a matter of law: "Collecchi KNEW the surgical mask he forced upon me after depriving me of my N95 mask did not and was not designed to protect against COVID." Dkt. 150 at 21. He does not address the substance of the R&R or its proposed disposition of his state law claims.

Arnsten's remaining objections are not persuasive and they are **OVERRULED**. The R&R is **ADOPTED**. The state defendants' motion for summary judgment, Dkt. 90, is **GRANTED**, and Arnsten's federal claims against them are **DISMISSED** with prejudice.

The Court **DECLINES** to exercise supplemental jurisdiction over Arnsten's remaining state law claims against the state defendants, and those claims are **REMANDED** to Pierce County Superior Court. Arnsten has not asserted, and could not plausibly assert, federal constitutional claims against private "surgical mask

manufacturers" Honeywell and Byd. His state law claims against those two defendants are also **REMANDED** to Pierce County Superior Court. All other pending motions are **DENIED** as moot.

The Clerk shall enter a **JUDGMENT** consistent with this Order and close the case.

**IT IS SO ORDERED**.

Dated this 18th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge